## CLARK *v.* GAY.

1. Forcibly entering a dwelling-house and murdering therein a servant of the owner does not entitle such owner to recover of the wrong-doer the value of the premises on the theory that because of the commission of the crime plaintiff's family abandoned the house and refused to live in it, and that in consequence it has become worthless.
2. Aside from the attempt to set forth an alleged cause of action of the nature above indicated, the petition in the present case was too loose and indefinite to support a recovery of damages of any kind, and it was therefore not erroneous to dismiss it on general demurrer.

Submitted January 29, — Decided February 26, 1901.

Action for damages. Before Judge Evans. Emanuel superior court. May 18, 1900.

W. W. Clark alleged, that A. A. Gay endamaged him one thousand dollars or other large sum, for that said Gay sought one of the

hired servants (a colored man) of petitioner, for the sole purpose of having a difficulty with him; that he approached said negro near the premises of petitioner, with the intention of raising a difficulty with him, wilfully, and in bad faith toward petitioner, [and] did raise a difficulty with said negro, who at once fled from said Gay toward petitioner's house, said Gay pursuing him with pistol in hand; that Gay forced said negro into petitioner's yard and on into petitioner's house, and therein murdered said negro near where petitioner's infant child was lying asleep; that said acts and said murder were committed by said Gay in the presence of petitioner's family, wilfully and with intent to wrong petitioner, which terrorized and frightened them away from their said home, which ever since they have absolutely abandoned, and refuse to live in the house or in any manner occupy the same, thus rendering said house useless to petitioner, which house was worth, before committing said crime in same, $500 or other large sum to petitioner. Beside the prayer for process, judgment is prayed against Gay for $1,000.

*Williams & Williams,* for plaintiff.
*F. H. Saffold,* for defendant.

Lewis, J. The complaint in this case is that the court below erred in sustaining a general demurrer to the plaintiff's petition (the substance of which will be found in the official report), on the ground that it set forth no cause of action.

1. After a careful study of the petition, the only definite purpose that we can gather from it is to recover the value of the plaintiff's house on account of the defendant's unlawfully pursuing a servant of the plaintiff and killing him in the house. There is no allegation of actual physical damage done to the house, nor is there anything to show that it was not in as good condition after the homicide as before. We can not imagine, therefore, how the value of the house can be made the measure of the damage alleged to have been caused by the wrongful conduct of the defendant.

2. The petition in this case is too loose and indefinite to support a recovery of any kind. We do not mean to say that the conduct charged against the defendant could not be made the basis of a valid civil action against him in favor of the plaintiff. An action might have been sustained for the unlawful killing of the plaintiff's servant, to recover damages for the loss of the services of the servant.

There might also have been a suit for trespass and invasion of the plaintiff's home, or for injury to his peace and happiness, resulting from the outrage committed in the presence of his family. This suit, however, embraces none of these elements. Taken as a whole, the petition excludes the idea that the plaintiff is seeking damages of any kind save those mentioned in the preceding division of this opinion; and it is too indefinite to be sustainable on any theory.

*Judgment affirmed. All concurring, except Cobb, J., absent.*