## CANTU v. CENTRAL POWER & LIGHT CO. et al.

### No. 8597.

Court of Civil Appeals of Texas. San Antonio. April 15, 1931.

Rehearing Denied May 15, 1931.

John L. Dodson, of Del Rio, for appellant.

J. M. Wilson, of San Antonio, and J. J. Foster, of Del Rio, for appellee Central Power & Light Co.

Jones & Lyles, of Del Rio, for appellee Illinois Pipe Line Co.

SMITH, J.

F. Cantu owns certain tracts of land in Val Verde county over and across which the Illinois Pipe Line Company has laid a pipe line to be used in transporting petroleum oil. The right of way and easement occupied by the pipe line was granted by Cantu to the pipe line company through a certain written contract, in which Cantu did " * * * grant and release to the Illinois Pipe Line Company, its successors and assigns, the right of way to lay, maintain, operate and remove a pipe line, and erect, maintain and operate telegraph or telephone lines, if the same be thought necessary by said grantee. * * *

"The said grantors to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said the Illinois Pipe Line Company, which hereby agrees to pay any damages which may arise to crops or fences, live stock from the laying, erecting, maintaining, operating or removing of said pipe, telegraph and telephone lines."

Under this grant the pipe line company entered upon the designated right of way and laid its pipe line, and also set up the necessary poles and appurtenances thereto, and strung a telephone wire thereon, for the purpose of enabling the company to maintain telephonic communication between its employees in the operation of the pipe line. To this servitude Cantu made and offers no objections.

An electric current is necessary to the operation of pumps along the line to force the flow of oil through the pipe lines, and for this purpose the pipe line company employed

the power facilities of the Central Power & Light Company, which in turn required telephonic communication between its pumping stations by which to regulate the power current. For this purpose, exclusively, the pipe line company permitted the power company to operate a telephone line on the poles set up by the pipe line company. Cantu objected to the placing and operation of this second telephone line over said right of way, claiming it to be an additional burden upon the easement granted the pipe line company not contemplated in the grant. Cantu voiced this objection by instituting this suit in the nature of an action in trespass to try title and for damages. The trial court held against Cantu's contention, and rendered judgment that he recover nothing, and he has appealed.

■ The controlling question in the case is that of whether the telephone line constructed and operated by the power company upon the right of way granted the pipe line company constitutes an additional and unauthorized burden upon the easement granted. We conclude that the question must be answered in the negative.

■ The record shows, and the trial court so found by implication, that the use of both telephone lines was reasonably necessary to the maintenance and operation of the oil pipe line. It was expressly provided in the grant that grantee should have the right to "erect, maintain and operate telegraph or telephone lines" over and along the right of way conveyed in the grant, "if the same be thought necessary by said grantee." This language is plain, and clearly authorizes the construction and maintenance of as many telephone lines as are reasonably necessary to the proper accomplishment of the use to which the easement was to be put under the terms of the express grant.

The telephone lines in question are used exclusively in the operation of the pipe line, and are necessary to that operation, and the fact that one of the lines is used by the power company, as an agency employed by the grantee in carrying out the purpose of the grant, rather than directly by the grantee, does not affect the question presented here. It cannot be gainsaid that the grantee has the optional right, expressly given it in the grant, to itself operate both lines over the right of way, and the fact that it exercises this right through its agent, the power company, is immaterial so long as that use is devoted exclusively to the purposes of the grant, as is the case here.

These conclusions settle the appeal, and, by reason thereof, all other questions sought to be raised by appellant have no bearing upon the merits of the appeal.

The judgment is affirmed.