**David B. ROCHELLE, Jr., et ux.,**
**Appellants,**

v.

**Robert I. CARR, d/b/a Robert I. Carr & Son,**
**Appellee.**

No. 14610.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 6, 1967.

P. Otis Hibler, San Antonio, for appellant.

W. Pat Camp, Tinsman & Cunningham, San Antonio, for appellee.

CADENA, Justice.

Plaintiffs, David B. Rochelle, Jr., and wife, Peggy, appeal from the granting of summary judgment in favor of defendant, Robert I. Carr, in a case in which plaintiffs sought to recover damages resulting from defendant's trespass upon plaintiffs' land.

Plaintiffs alleged that, on January 31, 1966, they entered into a written contract with Fritz W. Duelm whereby Duelm agreed to sell the land in question to plaintiffs, and that sometime thereafter, probably in March, 1966, but before the execution of the deed by Duelm conveying the land to plaintiffs, defendant instructed one of his employees to go upon the land in question and cut a live oak tree there situated. Attached as an exhibit to defendant's motion for summary judgment was a copy of an agreement, signed by plaintiffs and Duelm on May 4, 1966, by which the parties released each other from all obligations which might have arisen as the result of the execution of the contract of sale. The agreement recited that such contract "shall be terminated as to all parties thereto and of no force and effect as if said contract had never been executed by the parties thereto."

We assume that, had the contract of sale been fully performed by the delivery of a deed to plaintiffs, they would be entitled to recover damages resulting from defendant's wrongful invasion during the interim between the execution of the contract and the delivery of the deed from Duelm to plaintiffs. See Texas & P. R. Co. v. Bullard, 127 S.W. 1152 (Tex.Civ.App., no writ). Plaintiffs contend that a purchaser under an executory contract of sale is entitled to recover for such trespass even though, subsequent to the injury to the land, the contract of sale was, by mutual agreement of vendor and purchaser, abandoned and never consummated.

■ The result reached in Bullard is based on the rule that upon the execution of an enforceable contract for the sale of land, the equitable title passes to the purchaser. This theory, generally referred to as the doctrine of equitable conversion, first saw the light of day in language, probably dicta, of the Chancellor in Paine v. Meller, 6 Ves. Jr. 349, 31 Eng.Rep. 1088 (1801), as a justification for imposing upon the purchaser the risk of loss occurring between the date of the contract of sale and the delivery of the deed to the purchaser. See Cribbet, Principles of the Law of Property, 137, 141 (1962). The doctrine is based upon a fiction masquerading as the hoary maxim, "Equity regards as done that which ought to be done." The results flowing from a mechanical application of the doctrine are probably as astounding to the layman as the formalistic reasoning by which they are reached is intriguing to the legal theorist. While we admire the mathematical neatness underlying the various applications of the doctrine, we decline to journey further into the land of make believe where such odyssey is not necessary in order to give effect to the supposed intent of the parties to the contract of sale. We cannot impute to a vendor and purchaser an intention that, in case of injury to the premises during the temporal gap between the making of the contract and the delivery of the deed, the purchaser should be entitled to recover damages from the wrongdoer even though the contract, by mutual consent of the vendor and purchaser, is abandoned.

■ In any event, plaintiffs failed to plead any items of recoverable actual damages. In cases of trespassory damage to trees, the measure of damages is the diminution in the value of the land or, under some circumstances, the value of the trees destroyed or removed. Cummer-Graham Co. v. Maddox, 155 Tex. 284, 285 S.W.2d 932 (1956). Plaintiffs do not seek recovery of damages measured by either of these standards. Their allegations of damage consist of the following: (1) They had paid

$100.00 earnest money to the vendor, Duelm, and as a result of the damage to the tree, they decided to abandon the use of the land as a site for their home. We assume that such allegations are intended to express the fact that plaintiffs forfeited the earnest money deposit. (2) Plaintiffs had become indebted to an architect for preparing plans for a home "designed around the live oak tree," and, because of the damage to the tree, plaintiffs had no choice "but to decide against building their home on said lot."

It is true that the courts have gone to great lengths in holding trespassers liable for the consequences of their acts. Thus, the trespasser is liable for any visible and tangible damage upon the property itself, although such damage is not the result of any wrong beyond the trespass itself and could not have been reasonably anticipated at the time of the wrongful invasion. Prosser, Law of Torts, 67 (3rd ed., 1964). The same liability has been extended to the person of the owner and to the members of his household. Wardrop v. City of Manhattan Beach, 160 Cal.App.2d 779, 326 P.2d 15 (1958). But this does not mean that the trespasser is liable for everything that follows as a result of his trespass. While damages recoverable for trespass are not limited to the foreseeable consequences alone which are recoverable in contract, nor to the natural and probable consequences alone which are recoverable in negligence cases, there must be a limit to the liability of even an intentional trespasser.

We hold that the damages for which plaintiffs seek recovery are too remote to support the imposition of liability therefor upon defendant. See Clark v. Gay, 112 Ga. 777, 38 S.E. 81 (1901), where plaintiff was denied recovery for the loss of the sale value of a house allegedly resulting from the fact that a murder had been committed therein; and Mawson v. Vess Beverage Company, 173 S.W.2d 606 (Mo.App., 1943), where recovery was denied for injuries suffered by a child while attempting to remove a sign tacked on a wall by a trespasser.

Since plaintiffs did not allege any items of recoverable actual damages, their petition cannot form the basis for the recovery of exemplary damages. 17 Tex.Jur.2d, Damages, § 177, p. 243.

The judgment of the trial court is affirmed.