Michael MILOSZAR, Appellant,

v.

Abel GONZALEZ, Individually and d/b/a
G & T Construction Company,
Appellee.

No. 1809.

Court of Civil Appeals of Texas,
Corpus Christi.

June 25, 1981.

R. W. Armstrong, Brownsville, for appellant.

Jeffrey D. Roerig, Cox, Wilson, Black & Roerig, Brownsville, for appellee.

OPINION

YOUNG, Justice.

This suit arose from a land-clearing contractor's removal of trees and other vegetation from land without the landowner's consent. Michael Miloszar, the landowner, sued Abel Gonzalez, individually and d/b/a G & T Construction Company, for damages resulting from Gonzalez's trespass on Miloszar's land. Trial was to the court without a jury. The trial court in its judgment awarded the plaintiff the total amount of damages of $1,500.00 as the cost of removing cleared materials from plaintiff's land together with the cost of regrading and releveling the cleared portion of plaintiff's land. The plaintiff, who contends the

award below is inadequate, appeals. We affirm.

The events and circumstances from which this controversy originates are as follows. Appellant purchased approximately nine acres of land in rural Cameron County with the intention of constructing his home on the tract. The tract was covered with several species of trees, shrubs, cactuses, and other outgrowth, all indigenous to the area. Thereafter, an adjoining landowner contracted with the appellee to clear his property of the brush, trees, and other outgrowth. But appellee, under the erroneous belief that he was clearing the adjoining landowner's tract, mistakenly cleared .725 acres of the appellant's land of substantially all vegetation.

Appellant then brought suit for damages for the cost of releveling and regrading the property, the cost of removing a brush pile on the property caused by the clearing, and the replacement value of the trees. Testimony was presented by the appellant's witnesses that the value of restoring the property would be at least $6,000.00, and that the value of replacing all the trees would be more than $60,000.00.

Appellee defended this action by introducing testimony that no diminution in market value had occurred as a result of the clearing and that, in fact, the property might be worth more, and that the trees and other vegetation had no value without reference to the land. Appellee further maintained that if the value of the trees was established at $60,000.00 for this small portion of the tract, then the trees on the entire nine-acre tract would be worth nearly $1,000,000.00.

Judgment was entered thereafter by the trial judge awarding the appellant $1,500.00 in damages as the fair and reasonable cost of removing the pile of brush and trees and of regrading and releveling the cleared portion of appellant's land. Findings of fact were filed by the trial judge, who found, in part, that: 1) a portion of the appellant's land was cleared without permission by the appellee, who was under the honest, good faith, but mistaken belief that the land

belonged to another party who had contracted for the clearing; 2) the appellant's land and materials cleared therefrom were not unique and the materials had no ascertainable value without reference to the soil on which it stood; and 3) the cleared acreage only contained natural growth of native brush and foliage, which had an intrinsic value of $50.00. From these findings of fact, the trial judge concluded that: 1) the proper measure of damages was the difference between the value of the land before and after the clearing, and 2) since the cleared portion of land contained only natural, native growth, appellant was not entitled to the intrinsic value of the cleared materials as damages.

From this judgment, appellant brought this appeal with seven points of error. These points challenge some of the findings of fact and conclusions of law filed by the trial judge. Evidentiary challenges to the findings of fact are raised as well as legal challenges to the measure of damages used by the trial judge. All of these points will be consolidated for the purposes of our discussion.

 In actions seeking the recovery of damages for injury to realty by innocent trespassers, the underlying purpose of the courts is to compensate the owner for the injury received. *Hamilton v. Fant*, 422 S.W.2d 495 (Tex.Civ.App.—Austin 1967, no writ). The measure of damages depends on that criterion which will best accomplish this goal. It is well-established law that the proper measure of damages for injury to realty by the removal of trees which have no stumpage value is the diminution in value of the land:

"... if the trees have only a value with reference to the land such as for the purpose of shade or ornamentation or if they be fruit trees or young growth which has no market value, then the proper measure of damage would be the difference in the value of the land before and after." *Cummer-Graham Co. v. Maddox*, 155 Tex. 284, 285 S.W.2d 932, 936 (1956).

See *Burris v. Krooss*, 563 S.W.2d 875, 878 (Tex.Civ.App.—Eastland 1978, no writ); *Ives v. Webb*, 543 S.W.2d 907, 910 (Tex.Civ. App.—Corpus Christi 1976, no writ); *Hampton v. McCaig*, 537 S.W.2d 527 (Tex. Civ.App.—Fort Worth 1976, no writ); *M. C. Winters, Inc. v. Lawless*, 445 S.W.2d 761 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.); *Hamilton v. Fant*, supra; *Rochelle v. Carr*, 418 S.W.2d 710 (Tex.Civ.App.—San Antonio 1967, no writ); *Southwestern Bell Telephone Co. v. Willie*, 329 S.W.2d 466 (Tex.Civ.App.—Austin 1959, writ dism'd).

 Under some circumstances, however, this general rule for assessing damages will not wholly compensate the owner. A judicially recognized exception has been established which, under certain conditions, will permit the recovery of damages for loss of intrinsic value of the trees. *Ives v. Webb*, supra; *Hamilton v. Fant*, supra; *Rochelle v. Carr*, supra; *Moran Corporation v. Murray*, 381 S.W.2d 324, 328 (Tex.Civ.App.—Texarkana 1964, no writ); *Lucas v. Morrison*, 286 S.W.2d 190 (Tex.Civ.App.—San Antonio 1956, no writ); *Shell Pipe Line Corp. v. Svrcek*, 37 S.W.2d 297, 299 (Tex.Civ.App.—Austin 1931, no writ). Thus, after the proper predicate has been laid by presenting competent evidence that the diminution in market value test will not compensate the injured party, then this exception to the rule may be used to show the value of the loss of the intrinsic value of the trees.

In the case at bar, the trial court first properly applied the usual measure of damages, being the diminution in value to the property. Upon finding that no diminution in value of the land occurred, the trial court then evaluated the evidence on the intrinsic value of the trees. The trial court found that the intrinsic value of the materials (trees, shrubs, and cactus) cleared from the property was $50.00. Since the trees, shrubs, and cactuses were indigenous growth, the trial court did not award the appellant the $50.00 as damages for loss of this vegetation.

 In a review of the evidence in a light most favorable to the trial court's judgment, we find some evidence of probative force to support the findings. Conflicting evidence was presented on the intrinsic value of the cleared materials and the cost of restoring the property. Evidence presented by the appellee was sufficient, however, to support a finding that the trees, foliage, and cactuses removed from the area were native to all property in that area, and that their intrinsic value was not compensable. Additionally, the finding that the cost of $1,500.00 to restore the land to its former condition was supported by the evidence. This Court cannot substitute its findings for those of the trial court if there is any evidence to sustain the trial court's findings. *Ray v. Farmers State Bank of Hart*, 576 S.W.2d 607, 609 (Tex. 1979). Furthermore, after reviewing all the evidence, we are of the opinion that the trial court's findings are not so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Copenhaver v. Berryman*, 602 S.W.2d 540, 547 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

We have carefully considered all of appellant's points of error, and they are all overruled.

The judgment of the trial court is affirmed.

BISSETT, J., not participating.