**Randolph JOHNSON and Wife, Betty Johnson, Appellants,**

v.

**SOUTHWESTERN PUBLIC SERVICE COMPANY, Appellee.**

No. 07–83–0257–CV.

Court of Appeals of Texas, Amarillo.

Feb. 19, 1985.

Rehearing Denied March 18, 1985.

Brian P. Quinn, D. Murray Hensley, McWhorter, Cobb & Johnson, Lubbock, for appellants.

Charles R. Watson, Jr., Culton, Morgan, Britain & White, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Randolph Johnson and wife, Betty Johnson, appeal from a take-nothing summary judgment, which denied them the relief they summarily requested in their action for a declaratory judgment to construe a right-of-way easement contract and summarily granted the relief for which Southwestern Public Service Company moved. Determining that the Johnsons neither have conclusively shown nor raised a material fact issue whether SPS violated the terms of the easement, and that SPS is entitled to a summary judgment as a matter of law, we affirm.

The material facts are not in dispute. The parties agree that the Johnsons' predecessors in title, E.K. Warren & Son, conveyed to SPS a 30-foot easement and right of way for an electric power line across their property in 1952. The portions of the easement contract relevant to this appeal are worded thusly:

2. The ELECTRIC POWER LINE will consist of a variable number of conductors or wires, insulators, crossarms, and all other necessary and desirable power line devices, attached to, supported from, and a part of the necessary structures consisting of a variable number of wood, steel, or other metal members or poles, props, guys and anchors.

3. Southwestern Public Service Company, ... will have the right of ingress and egress over adjacent lands of E.K. Warren & Son to and from the easement or right of way for the purpose of constructing, inspecting, patrolling, adding to or removing power line [sic], its conductors, structures, and other devices; the right to relocate upon the right of way or easement; ...

In 1952 or 1953 SPS erected a 115 KV power line on the easement. In 1982 SPS acquired, by condemnation, two additional easements, each 25 feet wide, parallel and adjacent to each side of the 1952 easement. In 1983 SPS removed the 115 KV power line and replaced it with a 230/115 KV power line. The base of the new power line is located on the 1952 easement, and the crossarms extend over into the airspace of the two 25-foot easements.

In their brief, the Johnsons originally argued that SPS's right to construct a power line became fixed, and was limited to the size of the first line erected in 1952 or 1953, and that SPS's right to ingress and egress was over lands adjacent to those of E.K. Warren & Son, and not the lands of E.K. Warren & Son which were adjacent to the 1952 easement. However, on oral submission, the Johnsons candidly conceded that, except to the extent that the 1982 power line extends beyond the boundaries of the 1952 easement, SPS has the authority under the terms of the 1952 easement contract to construct and maintain the 1983 power line, and to use the 1952 easement to its fullest extent, which rights the law provides. *Lower Colorado River Authority v. Ashby*, 530 S.W.2d 628, 632–33 (Tex.Civ. App.—Austin 1975, writ ref'd n.r.e.). Thus, the Johnsons' two points of error only present the contention that the trial court erred in denying their motion for summary judgment and in granting SPS's motion, because the 1983 power line transgresses the boundaries of the 1952 easement into the airspace of SPS's two 25-foot easements and thereby places an additional unauthorized burden on the 1952 easement which was not contemplated by the parties to the original contract.

However, other than submitting the easement contract itself, the Johnsons did not evidence either the intention of the original parties to the contract or any burden the 1983 power line places on the 1952 easement which the terms of the easement do not permit. Neither do they contend that SPS does not have the right to use the two 25-foot easements in the manner or for the purpose for which they are being utilized. It is apparent that SPS could have no purpose for acquiring the 25-foot easements unless they could be used in connection with the 1952 easement. *See Aycock v. Houston Lighting & Power Co.,* 175 S.W.2d 710, 716 (Tex.Civ.App.—Galveston 1943, writ ref'd w.o.m.). Since SPS has the right to use its easements to the fullest extent, it follows that SPS is not using any of the easements in an unauthorized manner or purpose.

This obtains because every easement carries with it the right to do whatever is reasonably necessary for the full enjoyment of the easement itself. The creation of an easement contemplates, unless negated by specific language, a future use consistent with the grant by the one entitled to it, under conditions different from those existing at the time of the conveyance, so that the easement owner may enjoy or carry out the object for which the easement was granted. *Knox v. Pioneer Natural Gas Company,* 321 S.W.2d 596, 601 (Tex.Civ.App.—El Paso 1959, writ ref'd n.r.e.). There is no language in the 1952 easement contract which denies to SPS the use it has made of the easement.

Indeed, the 1952 easement contract provides for a power line of variable conductors or wires, insulators and crossarms to be attached to and supported by a variable number of structures, with the right of ingress and egress for the purpose of constructing, patrolling, adding to, removing or relocating the power line. The language is plain and clearly authorizes SPS to remove the old power line and replace it with a new line. Therefore, the structure is not an additional unauthorized burden on the 1952 easement. *Cantu v. Central Power & Light,* 38 S.W.2d 876, 877 (Tex.Civ.App. —San Antonio 1931, writ ref'd).

There being no evidence of any unauthorized burden on, or unauthorized use of, the 1952 easement by SPS, the Johnsons did not establish their entitlement to summary judgment by conclusively proving the elements of their cause of action, *City of*

*Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979), and SPS was entitled to the rendition of the take-nothing summary judgment as a matter of law. Accordingly, points of error one and two are overruled.

The judgment of the trial court is affirmed.