**LAMAR COUNTY ELECTRIC COOPERATIVE ASSOCIATION, Appellant,**

v.

**Tony and Doris BRYANT, Appellees.**

No. 9628.

Court of Appeals of Texas, Texarkana.

May 9, 1989.

Bill F. Payne, Moore, Payne & Clem, Paris, for appellant.

Deane A. Loughmiller, Paris, for appellees.

CORNELIUS, Chief Justice.

Tony and Doris Bryant sued Lamar County Electric Cooperative Association (REA) to recover the intrinsic value of trees cut from their land. The jury answered special issues favorable to the Bryants, and awarded $2,500.00 actual damages and $7,500.00 exemplary damages.

In twenty-seven points of error REA asserts that the trial court erred in allowing the testimony of Brenda Sharrok, a nursery owner; that the intrinsic value of the trees was an improper measure of damages; that there is no evidence to support the findings of gross negligence and exemplary damages; that the trial court erred in refusing to submit separate value issues for each tree cut; and that the damage awards are excessive and against the great weight and preponderance of the evidence. We overrule all points and affirm the judgment.

The Bryants purchased 23.854 acres of unimproved land in Lamar County in July of 1984, intending to build a cabin and lake. A row of trees stood along the west boundary which served as a barrier between the land and a road. It is stipulated that REA had a prescriptive easement along the west boundary for the purpose of maintaining power lines. In October 1985, REA discovered a downed wire on the Bryants' property. A line supervisor authorized a crew to cut down thirty-six trees along the boundary. The trees varied in size from one inch to sixteen inches in diameter. The Bryants brought suit alleging negligence and gross negligence, and requesting damages to compensate for the intrinsic value of the trees. The jury found that removal of the

trees was not reasonably necessary to maintain REA's power lines, and awarded damages.

■ It was stipulated that there was no diminution in the property's value because of the tree cutting. That being the case, the intrinsic value of the trees may be awarded as compensation to the owner. *Porras v. Craig,* 675 S.W.2d 503, 506 (Tex. 1984); *Miloszar v. Gonzalez,* 619 S.W.2d 283 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Hamilton v. Fant,* 422 S.W.2d 495 (Tex.Civ.App.—Austin 1967, no writ); *Moran Corporation v. Murray,* 381 S.W.2d 324 (Tex.Civ.App.—Texarkana 1964, no writ); *Lucas v. Morrison,* 286 S.W.2d 190 (Tex.Civ.App.—San Antonio 1956, no writ).

■ Sharrok, owner of a nursery, testified that the trees which REA had cut were native indigenous trees and were used for shade. She further testified that trees of that type are sold in local nurseries, and she gave prices for the various trees and sizes. REA contends that her testimony was irrelevant; however, her testimony was given in response to W.T. Murphy's testimony. He testified that the trees were worthless and could not have any intrinsic value. Evidence is relevant if it has a tendency to make the existence of any material fact more probable or less probable than it would be without the evidence. Tex.R.Civ.Evid. 401. The evidence was relevant and admissible.

■ REA next asserts that native or indigenous trees have no compensable value. It relies on *Miloszar v. Gonzalez,* supra. Although the underlying facts in *Miloszar* are similar to the facts in this case, the court there found sufficient evidence to support the trial court's finding that native vegetation was not compensable. The opinion does not indicate whether any evidence was offered to establish alternative uses for the shrubbery. In this case Bryant presented evidence that the trees acted as a barrier between his land and the road, and that the kind of trees removed by REA are commonly used for shade and are available for sale in local nurseries, thereby supporting the jury's finding of intrinsic value and its award of damages.

In seven points of error, REA next alleges that because it had a prescriptive easement there is no evidence or factually insufficient evidence to support the jury's finding of gross negligence and its award of $7,500.00 in exemplary damages.

■ Every easement carries with it the right to do whatever is reasonably necessary for full enjoyment of the rights granted. *Simpson v. Phillips Pipe Line Co.,* 603 S.W.2d 307 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.); *Sun Pipe Line Co. v. Kirkpatrick,* 514 S.W.2d 789 (Tex.Civ. App.—Beaumont 1974, writ ref'd n.r.e.). The holder of the easement may not, however, unreasonably interfere with the property rights of the servient estate. *Stout v. Christian,* 593 S.W.2d 146 (Tex.Civ.App.— Austin 1980, no writ).

■ The removal of branches which interfered with the power lines would have been proper to effect the purpose of the easement, but the jury could and did find from the evidence that REA's action of cutting the trees at ground level went beyond that reasonably necessary for its use and enjoyment of the easement and unreasonably interfered with the servient estate. Thus, the damages were properly awarded.

■ REA asserts that there is no evidence to support the jury's finding that it engaged in willful, wanton or gross conduct sufficient to justify the imposition of punitive damages. In reviewing only the evidence to support the verdict and disregarding all inferences to the contrary, we find there is some evidence to support the jury's finding. A line superintendent for REA testified that he told the crew to cut the trees to the ground. He did not speak with Bryant before cutting the trees, nor did he leave notice, check to see if he had authority to cut the trees, contact the neighbors or send a letter. The evidence justifies a conclusion that any problem with the wires could have been remedied by use of less severe procedures, such as using a bucket truck to trim the trees or removing only the branches needed to make necessary repairs. In addition to cutting the

trees, the fence was damaged and debris was left on the ground. When Bryant complained, REA ran a shredder over the debris and repaired the fence by stringing only one wire.

Although the good faith pursuance of a claimed legal right cannot support an award of punitive damages, *Exxon Corp. v. Bell*, 695 S.W.2d 788 (Tex.App.—Texarkana 1985, no writ), there is sufficient evidence in this case to support the jury's finding that REA's actions went beyond such a sincere pursuit and were conducted in such a way as to constitute wanton and grossly negligent conduct.

 REA argues that $7,500.00 exemplary damages is excessive. The ratio between actual and exemplary damages will vary according to the facts of each particular case, and no particular ratio is required. The factors to be considered are the nature of the wrong, character of the conduct involved, degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, and the extent to which such conduct offends a public sense of justice. *Alamo National Bank v. Kraus*, 616 S.W.2d 908 (Tex.1981). In view of the evidence, we find $7,500.00 is not unreasonable or excessive.

■ REA next contends the trial court erred in refusing to submit separate damage issues for each of the thirty-six trees. In support of this contention, it relies on *Texas Power & Light Co. v. Casey*, 138 S.W.2d 594 (Tex.Civ.App.—Fort Worth 1940, writ dism'd judgmt cor.). In a similar fact situation, the court there found it was error to refuse to submit separate issues for each tree because of the impracticability of assessing damages on three trees as a unit. Although it is factually similar to this case, that case was decided in 1940. At that time the submission of issues was controlled by *Fox v. Dallas Hotel Co.*, 111 Tex. 461, 240 S.W. 517 (1922), *overr.*, *Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex. 1981). The "separate and distinct" language of *Fox* is no longer applicable under Tex.R.Civ.P. 277. It is now within the trial court's discretion to submit issues broadly. We find no error in submission of the issue.

REA also argues that the award of $2,500.00 for actual damages is excessive and against the great weight and preponderance of the evidence.

■ Bryant testified that the hedge row served as a barrier between his property and the roadway. He introduced numerous photographs showing the damaged area and evidence that the trees ranged from four to twenty-five feet in height and ranged in price from $45.00 to $2,000.00 per tree. Similar evidence was found sufficient in *Garey Construction Co. v. Thompson*, 697 S.W.2d 865 (Tex.App.—Austin 1985, no writ). We find that $2,500.00 for the destruction of thirty-six trees is not excessive.

Finally, REA asserts a new trial should have been granted because of cumulative error. The assertion is based on points of error we have already addressed and have found not erroneous. Thus, there is no cumulative error.

For the reasons stated, the judgment of the trial court is affirmed.