Patricia BYRD, Appellant,

v.

SKYLINE EQUIPMENT COMPANY, INC., Appellee.

No. 3–89–164–CV.

Court of Appeals of Texas, Austin.

June 6, 1990.

**196**

David J. Nagle, David Nagle & Associates, P.C., Austin, for appellant.

Michael T. McCaul, Austin, for appellee.

Before POWERS, JONES and SMITH *, JJ.

POWERS, Justice.

Patricia Byrd appeals from an adverse summary judgment in her suit against Skyline Equipment Co., Inc. for personal injuries allegedly caused by the latter's negligence. We will reverse the judgment and remand the cause to the trial court for proceedings not inconsistent with our opinion.

---

\* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

1. Rolf Tiede, Skyline's president, swore that Muniz handled Skyline's service-repair calls; that persons requesting service on their equipment left a message with Skyline's answering service; that Muniz called the answering service and was then referred to the work location. On completion of the work, Muniz would have the customer sign a service ticket that Muniz mailed to Skyline who billed the customer by a Skyline invoice. Muniz was paid a monthly commission based on the amounts Skyline received from its customers for work performed by Muniz. Tiede swore that the washing machines in the hotel were in fact sold and delivered to Best Western by Skyline.

## THE CONTROVERSY

Byrd, an employee of Best Western Colonial Inn in Austin, allegedly sustained an electrical shock and resulting injuries while using the hotel's washing machine on January 22, 1987. She sued Skyline for compensatory damages on a theory that Skyline's negligent failure to ground the machine was a proximate cause of her injuries.

Skyline appeared by a general denial and another plea, then moved for summary judgment on the ground that it had not installed the machine and that the machine had been maintained not by Skyline but by an independent contractor, Frank Muniz, engaged by Skyline for the purpose. In affidavits accompanying the motion, Skyline's president and Muniz set out facts to support the claim that Muniz was an independent contractor and not an employee of Skyline.[1]

In response, Byrd filed a counter-affidavit executed by the hotel's "executive housekeeper." The substance of the counter-affidavit established that the hotel entered into a contract with Skyline to maintain and service the machine, as needed, as demonstrated by documents attached to the counter-affidavit, and that one such contract was made and performed by Skyline shortly before Byrd received her injuries.[2]

The trial court sustained Skyline's motion for summary judgment. Byrd appealed.

---

Muniz swore that he had done service work for Skyline for over 15 years, but had no written contract with Skyline. He was paid on a commission basis, as indicated above, based solely on the number of service calls he handled for Skyline, and Skyline exercised no control over the methods he employed to complete the repair jobs.

2. Ralph Moffett, the "executive housekeeper," swore that he contacted Skyline about the machine in question. Skyline then sent Muniz to repair the machine which was serviced on January 14, 1987. Invoices for the work on that date and other dates came from "Skyline Equipment, Inc." in Houston, and were acknowledged by "FM" (Muniz) as "svc. rep." (service representative). Skyline billed the hotel for the work, and the hotel paid Skyline for it.

## DISCUSSION AND HOLDINGS

The parties join issue on whether the summary-judgment record establishes as a matter of law that Muniz was an independent contractor for whose negligence Skyline can have no liability. We conclude the record does not establish that proposition as a matter of law.

■ It is undisputed in the summary-judgment record that Skyline contracted with the hotel to service the washing machine just before Byrd sustained her injuries. That contract incorporated, by force of law, "a common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract." *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508, 510 (1947). The contract created in Skyline a duty of care, and a breach of the duty by Skyline would constitute actionable negligence. *Id.* This duty extended to Byrd as one using the machine even though she was not a party to the hotel-Skyline contract. *Strakos v. Gehring*, 360 S.W.2d 787 (Tex.1962).

■ Skyline contends, however, that it shed the aforesaid legal duty by the simple device of engaging Muniz, an independent contractor, to do the actual work on the machine. We disagree. Even if one assumes that Muniz was an independent contractor, his status as such did not immunize Skyline from any breach of a duty created by reason of Skyline's contract with the hotel. *Houston & Great N. Ry. Co. v. Meador*, 50 Tex. 77, 85 (1878) ("[W]here a person is bound to perform an act as a duty, he intrusts its performance to another at his peril; and upon failure of such person to perform it, whether he stood in the relation of contractor or of servant, the person on whom the duty rests is liable for his neglect."); 41 Am.Jur.2d *Independent Contractors* § 37, at 800 (1968) ("Where a person, either by contract or by law, owes an obligation to another, he cannot escape liability for negligence in performance of such obligation by delegating the duty to an independent contractor."); 57 C.J.S. *Master and Servant* § 591, at 365–67 (1948) ("One who owes, and is personally bound to perform, an absolute and positive duty to the public or an individual cannot escape the responsibility of seeing that duty performed by delegating it to an independent contractor, and will be liable for injuries resulting from the contractor's negligence in the performance thereof, whether the duty is imposed by law or by contract, or, if it is imposed by law, whether it is imposed by the common law, by statute, or by municipal ordinance; ....").

We may give additional reasons that preclude summary judgment in the present case, as these may be inferred from the summary-judgment record.

We find in the Restatement (Second) of Torts § 429, at 421 (1965), for example, the following:

One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants.

This rule imposed liability upon Skyline if the hotel reasonably believed that Skyline was servicing the washing machine by its servants, even if Muniz was not a servant but an independent contractor with Skyline. Comment *a* states that the rule is applicable in a situation where the hotel, and not Byrd, accepted the services believing they were rendered by Skyline's servant. The legal arrangement between Skyline and Muniz does not control the issue; the reasonable belief of the hotel is the criterion.

■ The summary-judgment record contains the affidavit of the hotel "executive housekeeper" which sets out the hotel's practice of engaging Skyline to make such repairs; Skyline's uniform practice in sending Muniz to do the work; Skyline's practice in billing the hotel for such work; and the hotel's practice of paying Skyline for the work. The affidavit states that "Muniz

appeared to be an employee or agent of Skyline...." The record does not establish, as a matter of law, that the hotel did not believe Muniz was an employee. Nor does the record establish, as a matter of law, that any such belief was unreasonable.

We therefore reverse the judgment below and remand the cause to the trial court for proceedings not inconsistent with our opinion.

Reversed and Remanded.