Ricky and Jamie SIPES, Appellants,

v.

Mark LANGFORD, Individually, and
d/b/a Langford Contractors,
Appellee.

No. 06–95–00046–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 5, 1995.

Decided Oct. 12, 1995.

Rehearing Overruled Nov. 21, 1995.

Frank Supercinski, Longview, for appellants.

Stephen R. Patterson, Merriman, Patterson & Allison, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Ricky and Jamie Sipes, the plaintiffs below, appeal from the granting of a summary judgment in favor of Mark Langford, the defendant below. The trial court granted summary judgment in favor of Mark Langford on the basis that he owed no legal duty to Ricky and Jamie Sipes. The Sipes contend that the trial court erred in so ruling

because Langford owed them a duty of reasonable care.

On July 10, 1993, Jamie Sipes drove her car on a crossover of Highway 80. The median area was covered by thick high grass, which Jamie Sipes contends obstructed her view when she entered the highway. After stopping, she proceeded onto the highway and was struck by another automobile.

Mark Langford had a contract with the Texas Department of Transportation to mow the vegetation in the median area. Langford had mowed the median area sometime between May 17 and May 22, 1993, which was before the accident. He also mowed the area around the accident between July 22 and August 2, 1993, which was after the accident. Langford stated that he did not mow any area until he was authorized to do so by the Texas Department of Transportation. Langford further stated that his contract did not require him to monitor the growth of vegetation or mow until authorized by the Texas Department of Transportation.

By their sole point of error, the Sipes contend the trial court erred in granting summary judgment in favor of Langford. The Sipes do not contend that Langford was negligent when mowing the median, but merely that he should have mowed more frequently because the grass had grown tall. The basis of a motion for summary judgment is that no genuine issue exists for any material fact and that the movant is entitled to summary judgment as a matter of law. TEX. R.CIV.P. 166a(c). In *Nixon v. Mr. Property Management,* the Supreme Court determined (1) that the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law, (2) that in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and (3) that every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his or her favor. 690 S.W.2d 546 (Tex.1985). The question on appeal is not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes as a matter of law

that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970).

■ A plaintiff must prove the existence and violation of a duty owed to him by the defendant to establish liability in tort. *Abalos v. Oil Development Co.,* 544 S.W.2d 627, 631 (Tex.1976).

■ The Sipes contend that a duty to the travelling public is imposed upon Langford by his contract with the state of Texas. The Sipes cite *Collins Construction Co. v. Taylor,* where the court imposed a duty on a state highway department subcontractor based on the contract between the state highway department and the subcontractor. 372 S.W.2d 548, 551 (Tex.Civ.App.—Waco 1963, writ ref'd n.r.e.); *see also Byrd v. Skyline Equipment Co.,* 792 S.W.2d 195 (Tex.App.—Austin 1990), *writ denied per curiam,* 808 S.W.2d 463 (Tex.1991). These cases impose a duty based specifically on the language of the contracts at issue. The entire contract in this case is not in evidence, but the Sipes cite the following portion of the contract, which is in evidence, as creating a duty to the Sipes:

The safety of the public and the convenience of traffic shall be regarded as prime importance. Unless otherwise provided herein, all portions of the highway shall be kept open to traffic. The Contractor shall coordinate all work with the Engineer and shall place warning signs in accordance with the Texas Manual on Uniform Traffic Control Devices. If at any time during construction, the traffic control does not accomplish the intended purpose, due to weather or other conditions affecting the safe handling of traffic, the contractor shall immediately make necessary changes therein to correct the unsatisfactory conditions.

This language creates a duty on the part of Langford to use reasonable care during the mowing operations. There is no allegation that Langford negligently left tall grass at the time he mowed or did anything in the mowing operation to negligently create an obstruction. No clause in this contract re-

quired Langford to monitor vegetation growth or mow at any other time than when he was directed to do so by the Texas Department of Transportation. We find, therefore, no duty created by contract on the part of Langford to monitor vegetation growth or to mow at any time other than when directed to do so by the Texas Department of Transportation.

 Implicit in every contract is a common-law duty to perform the terms of the contract with care, skill, and reasonable experience. A breach of this duty is actionable in tort. *Davis v. Anderson,* 501 S.W.2d 459, 462 (Tex.Civ.App.—Texarkana 1973, no writ). In the present case, however, the Sipes do not complain that Langford was negligent while performing his contract with the state. Therefore, this implicit duty does not give rise to a negligence cause of action in this case.

The Sipes also contend that a duty is imposed on Langford by operation of law. They cite *Hamric v. Kansas City Southern Ry. Co.,* which imposes a duty on an owner or occupier of premises abutting a highway to use reasonable care not to endanger the safety of motorists using the highway. 718 S.W.2d 916, 918 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.). *Hamric* also imposes a duty on the state highway commission and the state highway department to maintain highways such as to ensure that the view of passing motorists is not obstructed. *Id.* at 919 (extending this duty to include the mowing of grass and weeds that might obstruct motorists' view). The Sipes also cite *State Dept. of Highways & Pub. Transp. v. Payne,* where the court imposed a duty on the State Department of Highways and Public Transportation to use reasonable care and to warn of any defects in a culvert built and maintained by the State. 838 S.W.2d 235, 237–38 (Tex.1992). The Sipes next direct our attention to *Couch v. Ector County,* in which the court imposed a duty on a city to maintain streets in a safe condition. 860 S.W.2d 659, 662 (Tex.App.—El Paso 1993, no writ). These cases are distinguishable in that none impose a duty of reasonable care on an independent contractor of the state to perform a function he has not contracted to undertake;

i.e., monitoring and deciding when the grass should be mowed.

 The Sipes next direct our attention to *Seay v. Travelers Indem. Co.,* where the court imposed a duty of reasonable care on one who undertakes to render services to another for the protection of a third person. 730 S.W.2d 774, 775–78 (Tex.App.—Dallas 1987, no writ). This case, however, only imposes a duty of reasonable care on a party when proceeding in his undertaking, not reasonable care to initiate the undertaking. *See id.* In the present case, the Sipes do not contend that Langford was negligent while mowing or created a dangerous condition while mowing; they merely contend that he should have mowed more often. Therefore, the *Seay* holding does not apply to the present case. This point of error is overruled.

The judgment of the trial court is affirmed.