TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00608-CV






Theresa Felts, Individually and as Next Friend of Patrick Felts and Cody Felts, Appellant



v.



Bluebonnet Electric Cooperative, Inc., Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT


NO. 21,755-A, HONORABLE JERRY DELLANA, JUDGE PRESIDING 







 Appellant Theresa Felts, Individually and as Next Friend of Patrick Felts and Cody
Felts, sued appellee Bluebonnet Electric Cooperative, Inc. ("Bluebonnet") for damages resulting
from a falling tree. On Bluebonnet's motion, the trial court rendered summary judgment that
Felts take nothing. Felts appeals. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 On September 9, 1993, Felts and her two sons were traveling on County Road 139
in Bastrop County when a dead tree fell on their car, injuring all three passengers and damaging
the car. Bluebonnet held a utility easement running along, but not reaching, the road. Felts filed
suit against both Bluebonnet and Bastrop County. As against Bluebonnet, Felts alleged that
Bluebonnet violated a duty owed to Felts to exercise ordinary care by (1) failing to maintain
properly the roadside area where the dead tree was located, and (2) failing to remove the tree
prior to its falling on Felts's car.

 Bluebonnet filed a motion for summary judgment in which it asserted that it had
no duty to Felts with respect to the tree because the base of the tree was not within its utility
easement. Bluebonnet presented evidence that at the nearest point, the tree was still one inch
outside of the utility easement. The trial court granted summary judgment and severed the cause
of action against Bluebonnet from that against the county. Felts raises two points of error on
appeal, asserting that the trial court erred in granting summary judgment (1) based on
Bluebonnet's contention that no duty was owed to Felts and (2) by disregarding material fact
issues.


DISCUSSION

 The standards for reviewing a summary judgment are well established: (1) the
movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).

 The first issue is whether Bluebonnet owed Felts the duty of care asserted. In its
motion for summary judgment, Bluebonnet contended it had no duty to maintain the roadside area
or to remove the tree because it did not own or occupy the area where the tree was located. To
prove the relative location of the tree, Bluebonnet presented a copy of the easement deed reciting
that the easement extended ten feet from the landowner's property line. Bluebonnet also presented
the affidavit of Don Lawrence, a surveyor employed by Bluebonnet, who determined that, even
at the closest point, the trunk of the dead tree was ten feet one inch from the property line--one
inch outside Bluebonnet's easement. A drawing detailing all measurements taken by Lawrence
was attached to his affidavit. Summary judgment may be based on the uncontroverted affidavit
of an interested witness or expert "if the evidence is clear, positive and direct, otherwise credible
and free from contradictions and inconsistencies, and could have been readily controverted." Tex.
R. Civ. P. 166a(c). Bluebonnet's summary judgment evidence conclusively established that the
tree had not been located within its easement.

 In her response to Bluebonnet's motion, Felts did not dispute the physical location
of the tree. Rather, Felts has, both in the trial court and in this Court, asserted that an owner or
occupier of premises abutting a highway must exercise reasonable care not to jeopardize or
endanger the safety of persons legally using the road. See Alamo Nat'l Bank v. Kraus, 616
S.W.2d 908, 910 (Tex. 1981) (owner of partly demolished building liable for damages caused
when leaning wall located on his property collapsed into adjoining street onto passing car);
Atchison v. Texas & Pac. Ry. Co., 186 S.W.2d 228, 229 (Tex. 1945) (railroad negligently
allowed grass fire to start on its property which resulted in smoke obscuring vision of drivers on
adjacent highway, thereby causing collision); Skelly Oil Co. v. Johnston, 151 S.W.2d 863, 865
(Tex. Civ. App.--Amarillo 1941, writ ref'd) (cooling towers at gasoline manufacturing plant
allowed water to be blown onto adjacent road resulting in wet, slippery condition that caused
collision). In all of these cases, however, there existed some negligent activity or condition on
the defendant's property that caused the hazard to motorists on the adjoining roadway. An
occupier of premises normally has no greater duty than does the public generally regarding
conditions existing outside his premises. See Portillo v. Housing Auth. of the City of El Paso, 652
S.W.2d 568, 569 (Tex. App.--El Paso 1983, no writ); Howe v. Kroger Co., 598 S.W.2d 929, 931
(Tex. Civ. App.--Dallas 1980, no writ).

 Relying on the court of appeals' opinion in Silva v. Spohn Health System Corp.,
951 S.W.2d 91, 95-96 (Tex. App.--Corpus Christi), writ denied, 960 S.W.2d 654 (Tex. 1997),
Felts argues that Bluebonnet was legally obligated to remove the "dangerous" tree from adjoining
land because of the tree's proximity to Bluebonnet's easement. In Silva, the plaintiff, a hospital
employee, was attacked and stabbed as she stood on the curb adjacent to the hospital after leaving
at the end of her shift. The trial court granted summary judgment for the hospital. Although the
sidewalk was not owned by or under the control of the hospital, the appellate court reversed the
summary judgment. The court noted that the plaintiff was an invitee and that precedent requires
an owner or occupant of property abutting a highway or sidewalk to exercise reasonable care not
to endanger or jeopardize persons using the highway or sidewalk. However, on December 4,
1997, the Texas Supreme Court denied writ of error in the Silva case in a per curiam opinion,
which states in its entirety:


 We deny [the hospital's] application for writ of error because [it] failed to
present conclusive summary judgment proof that the attack in question occurred
off its property. Since this was the only ground [the hospital] presented, summary
judgment was improper on this record. However, we note the court of appeals
held:


The very proximity of the curb upon which [the plaintiff] was
stabbed to [the hospital's] property raises a factual issue as to [the
hospital's] power to control and expel third-party wrongdoers.


951 S.W.2d at 96. We disapprove of this holding and the opinion to the extent that
it implies that under Texas law a person has control over non-owned premises
merely because that person owns the adjacent property.


Spohn Health Sys. Corp. v. Silva, 960 S.W.2d 654 (Tex. 1997).

 Bluebonnet claims that, with the Silva decision, the supreme court effectively
rejected not only Felts's authority supporting her claim that Bluebonnet was legally obligated to
remove the tree (since it was adjacent to but not on Bluebonnet's easement), but also Felts's
argument that a person has control of non-owned premises simply because it is adjacent to
property the person owns or occupies. We agree that the mere proximity of the tree to
Bluebonnet's easement did not create a duty to take care of the tree for the protection of the
public. We conclude, therefore, that Bluebonnet's proof that the base of the tree was outside its
easement was sufficient to show it was entitled to judgment as a matter of law and thus shift the
burden to Felts to present evidence raising a genuine issue of material fact. See Abdel-Fattah v.
Pepsico, Inc., 948 S.W.2d 381, 383 (Tex. App.--Houston [14th Dist.] 1997, no writ).

 Nonetheless, Felts contends Bluebonnet had a right of control sufficient to impose
on it a general duty to remove the tree to protect the motoring public on the county road. Felts
presented summary judgment evidence showing that Bluebonnet hired Blume Tree Services, Inc.
to keep its utility lines clear from trees and branches that might fall on the lines. The contract
between those parties referred to the clearing of trees and shrubs within ten feet on either side of
the power lines, rather that ten feet on either side of the property line, as the easement provides. 
Although the base of the tree was not within ten feet of the property line, it was within ten feet
of Bluebonnet's power line. Felts argues that, pursuant to the terms of the tree-trimming
agreement and Bluebonnet's easement, Bluebonnet had a right to trim or completely remove any
tree that threatened the power lines, even if the base of the tree was not on Bluebonnet's easement.

 Bluebonnet's access to trim trees that could potentially damage the power lines is
consistent with Johnson v. Southwestern Public Serv. Co., 688 S.W.2d 653, 655 (Tex.
App.--Amarillo 1985, no writ), which recognizes that "every easement carries with it the right to
do whatever is reasonably necessary for the full enjoyment of the easement itself." However,
Felts's position is that Bluebonnet's limited right to trim or clear trees standing outside its
easement for the purpose of protecting its power lines created a broader duty to maintain the area
for the protection of the general public traveling on the nearby county road. We decline to create
such a duty. (1) See Lamar County Elec. Coop. Ass'n v. Bryant, 770 S.W.2d 921, 923-24 (Tex.
App.--Texarkana 1989, no writ) (appellant does not have unrestricted discretion to remove trees
located within its easement even when acting to protect its electrical lines); see also Sipes v.
Langford, 911 S.W.2d 455, 457 (Tex. App.--Texarkana 1995, writ denied) (contract to cut grass
away from highway did not create an affirmative duty to motorists to maintain roadside area
where there was no assertion of negligent action). Point of error one is overruled. (2)

 In her second point of error, Felts asserts that the following issues of material fact
remain in dispute: (1) the duty of Bluebonnet to Felts, (2) the location of the tree and various
parts thereof as they relate to Bluebonnet's easement, (3) the foreseeability of the dead tree falling
across the county road, and (4) the extent to which Bluebonnet's negligent acts further caused the
tree to fall in the direction of the road.

 As discussed above, the physical location of the base of the tree was conclusively
established by Bluebonnet's summary judgment proof, which Felts did not attempt to controvert. 
To the extent the other issues urged by Felts are fact issues, they are not material to a resolution of
the suit. Duty is a threshold issue in a negligence action and is a question of law for the court to
decide based upon the facts surrounding the occurrence in question. See Greater Houston Transp.
Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). In discussing the first point of error, we
concluded that as a matter of law Bluebonnet owed no duty to Felts. Even if the fact issues urged
by Felts were resolved in her favor, she could not recover from Bluebonnet without showing that
Bluebonnet owed her a duty of care. Point of error two is overruled.



CONCLUSION

 Having overruled Felts's two points of error, we affirm the trial court's summary
judgment.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: July 2, 1998

Publish

1. Even assuming that in some sense Bluebonnet "occupied" the area on which the tree stood,
it is questionable whether it would have the duty to inspect and maintain the area. See
Restatement (Second) of Torts § 363 (1965) (landowner in urban area has duty to inspect and
remove dangerous trees); 94 A.L.R.3d 1160, 1165 (1979) (even if there is a duty to cut down
dead trees which might fall onto a roadway in urban areas, courts have been more reluctant to
impose such a duty in rural areas).
2. A duty may exist where a party affirmatively creates a dangerous condition. City of Denton
v. Van Page, 701 S.W.2d 831, 835 (Tex. 1986). Felts, however, did not plead any such
affirmative action by Bluebonnet, either in her petition or in her response to Bluebonnet's motion
for summary judgment, and thus may not now raise it as grounds for reversing the summary
judgment. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993).


 that, pursuant to the terms of the tree-trimming
agreement and Bluebonnet's easement, Bluebonnet had a right to trim or completely remove any
tree that threatened the power lines, even if the base of the tree was not on Bluebonnet's easement.

 Bluebonnet's access to trim trees that could potentially damage the power lines is
consistent with Johnson v. Southwestern Public Serv. Co., 688 S.W.2d 653, 655 (Tex.
App.--Amarillo 1985, no writ), which recognizes that "every easement carries with it the right to
do whatever is reasonably necessary for the full enjoyment of the easement itself." However,
Felts's position is that Bluebonnet's limited right to trim or clear trees standing outside its
easement for the purpose of protecting its power lines created a broader duty to maintain the area
for the protection of the general public traveling on the nearby county road. We decline to create
such a duty. (1) See Lamar County Elec. Coop. Ass'n v. Bryant, 770 S.W.2d 921, 923-24 (Tex.
App.--Texarkana 1989, no writ) (appellant does not have unrestricted discretion to remove trees
located within its easement even when acting to protect its electrical lines); see also Sipes v.
Langford, 911 S.W.2d 455, 457 (Tex. App.--Texarkana 1995, writ denied) (contract to cut grass
away from highway did not create an affirmative duty to motorists to maintain roadside area
where there was no assertion of negligent action). Point of error one is overruled. (2)

 In her second point of error, Felts asserts that the following issues of material fact
remain in dispute: (1) the duty of Bluebonnet to Felts, (2) the location of the tree and various
parts thereof as they relate to Bluebonnet's easement, (3) the foreseeability of the dead tree falling
across the county road, and (4) the extent to which Bluebonnet's negligent acts further caused the
tree to fall in the direction of the road.

 As discussed above, the physical location of the base of the tree was conclusively
established by Bluebonnet's summary judgment proof, which Felts did not attempt to controvert. 
To the extent the other issues urged by Felts are fact issues, they are not material to a resolution of
the suit. Duty is a threshold issue in a negligence action and is a question of law for the court to
decide based upon the facts surrounding the occurrence in question. See Greater Houston Transp.
Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). In discussing the first point of error, we
concluded that as a matter of law Bluebonnet owed no duty to Felts. Even if the fact issues urged
by Felts were resolved in her favor, she could not recover from Bluebonnet without showing that
Bluebonnet owed her a duty of care. Point of error two is overruled.



CONCLUSION

 Having overruled Felts's two points of error, we affirm the trial court's summary
judgment.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: Jul