## DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD, a Joint Board of the City of Dallas, Texas and the City of Fort Worth, Texas et al., Petitioners,

v.

## The CITY OF IRVING, Texas et al., Respondents.

### No. D–3927.

Supreme Court of Texas.

Sept. 29, 1993.

Rehearing Overruled Feb. 16, 1994.

Mike McKool, Jr., Eric W. Buether, Richard A. Lempert and David J. Labrec, Dallas, Paul C. Isham, Fort Worth, P. Michael Jung and Mike Joplin, Dallas, Gary E. Keane, DFW Airport, Kevin Cox, Dallas, for petitioners.

Bob McFarland and Paul F. Wieneskie, Arlington, Robert H. Power, Irving, Eliot R. Cutler, Washington, DC, Clarence A. Guittard, Dallas, Christopher Caso, Irving, Sam A. Lindsay, Dallas, Wade Adkins, Fort Worth, Louis I. Cole, Dallas, Perry M. Rosen, Washington, DC, Don J. Rorschach, Irving, for respondents.

v.

## The CITY OF IRVING, Texas et al., Respondents.

### No. D–3927.

Supreme Court of Texas.

Oct. 27, 1993.

Rehearing Overruled Feb. 16, 1994.

Mike McKool, Jr., Eric W. Buether, Richard A. Lempert, Dallas, Paul C. Isham, Fort Worth, P. Michael Jung, Mike Joplin, Dallas, Gary E. Keane, DFW Airport, Dee J. Kelly, Fort Worth, Kevin Cox, Dallas, for petitioners.

Bob McFarland, Paul F. Wieneskie, Arlington, Robert H. Power, Irving, Eliot R. Cutler, Perry M. Rosen, Washington, DC, Clarence A. Guittard, Dallas, Christopher J. Caso, Irving, Sam A. Lindsay, Dallas, Wade Adkins, Fort Worth, Don J. Rorschach, Irving, Louis I. Cole, Dallas, for respondents.

PER CURIAM.

This cause came on for consideration on ancillary petition for writ of prohibition, filed on October 15, 1993, and the petition together with the briefs and arguments of counsel having been duly considered, it is the opinion of a majority of the court that leave to file should be granted and a writ of prohibition conditionally issued without oral argument. Tex.R.App.P. 122.

■ This court ordered a specific remand to the 162nd Judicial District Court of Dallas County. 868 S.W.2d 750 (1993). The remand directed that court to consider the applicability, validity and constitutionality of Senate Bill 348 of the most recent session of the legislature because "the amendments set out in Senate Bill 348 must be considered and may be dispositive." Once this court has remanded a cause to a lower court, it has exclusive jurisdiction over the remanded proceedings, and will permit no interference from any other court. *City of Orange v. Clark,* 627 S.W.2d 146 (Tex.1982). In proceedings before his court, Judge Walker, of the 96th Judicial District Court of Tarrant County, had previously enjoined certain parties to the Dallas suit from contesting the constitutionality of Senate Bill 348 in the Dallas proceeding. After being informed of this court's opinion and judgment, he declined to modify that order. Judge Walker's order interferes with this court's jurisdiction in the remanded cause.

Writ of prohibition shall conditionally issue directing that Judge Jeff Walker shall rescind or modify his order dated August 24, 1993, in Cause No 96–148733–93, styled *Dallas/Fort Worth International Airport Board, a Joint Board of the City of Dallas, Texas, and the City of Fort Worth, Texas vs. The City of Irving, et al.,* pending in the 96th Judicial District of Tarrant County, to delete the injunctive orders against prosecution of the constitutionality of Senate Bill 348 in Cause No. 92–4728–I in the 162nd Judicial District Court of Dallas County, Texas, "or in any other cause now pending, or hereafter pending"; further, Judge Walker shall issue no order interfering with or attempting to control, directly or indirectly, the remanded litigation. The clerk of this court is directed to issue the writ of prohibition to the Honorable Jeff Walker if, and only if he fails or refuses to comply with the terms of this opinion. Relators' companion motion for leave to file amended petition for writ of mandamus in No. D–4236 is dismissed as moot. All relief not expressly granted is denied.

DOGGETT, J., not sitting.