**Theresa FELTS, Individually and as Next Friend of Patrick Felts and Cody Felts, Appellant,**

**v.**

**BLUEBONNET ELECTRIC COOPERATIVE, INC., Appellee.**

No. 03–97–00608–CV.

Court of Appeals of Texas, Austin.

July 2, 1998.

---

Phillip G. Poplin, Austin, for Appellant.

Richard E. Tulk, Tulk & Deaderick, L.L.P., Austin, for Appellee.

Before YEAKEL, C.J., and ABOUSSIE and JONES, JJ.

JONES, Justice.

Appellant Theresa Felts, Individually and as Next Friend of Patrick Felts and Cody Felts, sued appellee Bluebonnet Electric Co-operative, Inc. ("Bluebonnet") for damages resulting from a falling tree. On Bluebonnet's motion, the trial court rendered summary judgment that Felts take nothing. Felts appeals. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 9, 1993, Felts and her two sons were traveling on County Road 139 in Bastrop County when a dead tree fell on their car, injuring all three passengers and damaging the car. Bluebonnet held a utility easement running along, but not reaching, the road. Felts filed suit against both Blue-bonnet and Bastrop County. As against Bluebonnet, Felts alleged that Bluebonnet violated a duty owed to Felts to exercise ordinary care by (1) failing to maintain prop-erly the roadside area where the dead tree was located, and (2) failing to remove the tree prior to its falling on Felts's car.

Bluebonnet filed a motion for summary judgment in which it asserted that it had no duty to Felts with respect to the tree because the base of the tree was not within its utility easement. Bluebonnet presented evidence that at the nearest point, the tree was still one inch outside of the utility easement. The trial court granted summary judgment and severed the cause of action against Bluebonnet from that against the county. Felts raises two points of error on appeal, asserting that the trial court erred in granting summary judgment (1) based on Bluebonnet's contention that no duty was owed to Felts and (2) by disregarding material fact issues.

## DISCUSSION

The standards for reviewing a summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ The first issue is whether Bluebonnet owed Felts the duty of care asserted. In its motion for summary judgment, Bluebonnet contended it had no duty to maintain the roadside area or to remove the tree because it did not own or occupy the area where the tree was located. To prove the relative location of the tree, Bluebonnet presented a copy of the easement deed reciting that the easement extended ten feet from the landowner's property line. Bluebonnet also presented the affidavit of Don Lawrence, a surveyor employed by Bluebonnet, who determined that, even at the closest point, the trunk of the dead tree was ten feet one inch from the property line—one inch outside Bluebonnet's easement. A drawing detailing all measurements taken by Lawrence was attached to his affidavit. Summary judgment may be based on the uncontroverted affidavit of an interested witness or expert "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R. Civ. P. 166a(c). Bluebonnet's summary judgment evidence conclusively established that the tree had not been located within its easement.

■ In her response to Bluebonnet's motion, Felts did not dispute the physical location of the tree. Rather, Felts has, both in the trial court and in this Court, asserted that an owner or occupier of premises abutting a highway must exercise reasonable care not to jeopardize or endanger the safety of persons legally using the road. *See Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981) (owner of partly demolished building liable for damages caused when leaning wall located on his property collapsed into adjoining street onto passing car); *Atchison v. Texas & Pac. Ry. Co.*, 143 Tex. 466, 186 S.W.2d 228, 229 (1945) (railroad negligently allowed grass fire to start on its property which resulted in smoke obscuring vision of drivers on adjacent highway, thereby causing collision); *Skelly Oil Co. v. Johnston*, 151 S.W.2d 863, 865 (Tex.Civ.App.—Amarillo 1941, writ ref'd) (cooling towers at gasoline manufacturing plant allowed water to be blown onto adjacent road resulting in wet, slippery condition that caused collision). In all of these cases, however, there existed some negligent activity or condition *on the defendant's property* that caused the hazard to motorists on the adjoining roadway. An occupier of premises normally has no greater duty than does the public generally regarding conditions existing outside his premises. *See Portillo v. Housing Auth. of the City of El Paso*, 652 S.W.2d 568, 569 (Tex.App.—El Paso 1983, no writ); *Howe v. Kroger Co.*, 598 S.W.2d 929, 931 (Tex.Civ.App.—Dallas 1980, no writ).

Relying on the court of appeals' opinion in *Silva v. Spohn Health System Corp.*, 951 S.W.2d 91, 95–96 (Tex.App.—Corpus Christi), *writ denied*, 960 S.W.2d 654 (Tex. 1997), Felts argues that Bluebonnet was legally obligated to remove the "dangerous" tree from adjoining land because of the tree's

proximity to Bluebonnet's easement. In *Silva*, the plaintiff, a hospital employee, was attacked and stabbed as she stood on the curb adjacent to the hospital after leaving at the end of her shift. The trial court granted summary judgment for the hospital. Although the sidewalk was not owned by or under the control of the hospital, the appellate court reversed the summary judgment. The court noted that the plaintiff was an invitee and that precedent requires an owner or occupant of property abutting a highway or sidewalk to exercise reasonable care not to endanger or jeopardize persons using the highway or sidewalk. However, on December 4, 1997, the Texas Supreme Court denied writ of error in the *Silva* case in a per curiam opinion, which states in its entirety:

> We deny [the hospital's] application for writ of error because [it] failed to present conclusive summary judgment proof that the attack in question occurred off its property. Since this was the only ground [the hospital] presented, summary judgment was improper on this record. However, we note the court of appeals held:
>
> > The very proximity of the curb upon which [the plaintiff] was stabbed to [the hospital's] property raises a factual issue as to [the hospital's] power to control and expel third-party wrongdoers.
>
> 951 S.W.2d at 96. We disapprove of this holding and the opinion to the extent that it implies that under Texas law a person has control over non-owned premises merely because that person owns the adjacent property.

*Spohn Health Sys. Corp. v. Silva*, 960 S.W.2d 654 (Tex.1997).

■ Bluebonnet claims that, with the *Silva* decision, the supreme court effectively rejected not only Felts's authority supporting her claim that Bluebonnet was legally obligated to remove the tree (since it was adjacent to but not on Bluebonnet's easement), but also Felts's argument that a person has control of non-owned premises simply because it is adjacent to property the person owns or occupies. We agree that the mere proximity of the tree to Bluebonnet's ease-

ment did not create a duty to take care of the tree for the protection of the public. We conclude, therefore, that Bluebonnet's proof that the base of the tree was outside its easement was sufficient to show it was entitled to judgment as a matter of law and thus shift the burden to Felts to present evidence raising a genuine issue of material fact. *See Abdel–Fattah v. Pepsico, Inc.*, 948 S.W.2d 381, 383 (Tex.App.—Houston [14th Dist.] 1997, no writ).

■ Nonetheless, Felts contends Bluebonnet had a right of control sufficient to impose on it a general duty to remove the tree to protect the motoring public on the county road. Felts presented summary judgment evidence showing that Bluebonnet hired Blume Tree Services, Inc. to keep its utility lines clear from trees and branches that might fall on the lines. The contract between those parties referred to the clearing of trees and shrubs within ten feet on either side of *the power lines*, rather that ten feet on either side of the property line, as the easement provides. Although the base of the tree was not within ten feet of the property line, it was within ten feet of Bluebonnet's power line. Felts argues that, pursuant to the terms of the tree-trimming agreement and Bluebonnet's easement, Bluebonnet had a right to trim or completely remove any tree that threatened the power lines, even if the base of the tree was not on Bluebonnet's easement.

■ Bluebonnet's access to trim trees that could potentially damage the power lines is consistent with *Johnson v. Southwestern Public Serv. Co.*, 688 S.W.2d 653, 655 (Tex. App.—Amarillo 1985, no writ), which recognizes that "every easement carries with it the right to do whatever is reasonably necessary for the full enjoyment of the easement itself." However, Felts's position is that Bluebonnet's limited *right* to trim or clear trees standing outside its easement for the purpose of protecting its power lines created a broader *duty* to maintain the area for the protection of the general public traveling on the nearby county road. We decline to create such a duty.[1] *See Lamar County Elec. Coop.*

---

1. Even assuming that in some sense Bluebonnet "occupied" the area on which the tree stood, it is

*Ass'n v. Bryant,* 770 S.W.2d 921, 923–24 (Tex.App.—Texarkana 1989, no writ) (appellant does not have unrestricted discretion to remove trees located within its easement even when acting to protect its electrical lines); *see also Sipes v. Langford,* 911 S.W.2d 455, 457 (Tex.App.—Texarkana 1995, writ denied) (contract to cut grass away from highway did not create an affirmative duty to motorists to maintain roadside area where there was no assertion of negligent action). Point of error one is overruled.[2]

In her second point of error, Felts asserts that the following issues of material fact remain in dispute: (1) the duty of Bluebonnet to Felts, (2) the location of the tree and various parts thereof as they relate to Bluebonnet's easement, (3) the foreseeability of the dead tree falling across the county road, and (4) the extent to which Bluebonnet's negligent acts further caused the tree to fall in the direction of the road.

■ As discussed above, the physical location of the base of the tree was conclusively established by Bluebonnet's summary judgment proof, which Felts did not attempt to controvert. To the extent the other issues urged by Felts are fact issues, they are not material to a resolution of the suit. Duty is a threshold issue in a negligence action and is a question of law for the court to decide based upon the facts surrounding the occurrence in question. *See Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). In discussing the first point of error, we concluded that as a matter of law Bluebonnet owed no duty to Felts. Even if the fact issues urged by Felts were resolved in her favor, she could not recover from Bluebonnet without showing that Bluebonnet owed her a duty of care. Point of error two is overruled.

questionable whether it would have the duty to inspect and maintain the area. *See* Restatement (Second) of Torts § 363 (1965) (landowner in urban area has duty to inspect and remove dangerous trees); 94 A.L.R.3d 1160, 1165 (1979) (even if there is a duty to cut down dead trees which might fall onto a roadway in *urban* areas, courts have been more reluctant to impose such a duty in *rural* areas).

## CONCLUSION

Having overruled Felts's two points of error, we affirm the trial court's summary judgment.

**2.** A duty may exist where a party affirmatively creates a dangerous condition. *City of Denton v. Van Page,* 701 S.W.2d 831, 835 (Tex.1986). Felts, however, did not plead any such affirmative action by Bluebonnet, either in her petition or in her response to Bluebonnet's motion for summary judgment, and thus may not now raise it as grounds for reversing the summary judgment. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 343 (Tex.1993).