NO. 07-06-0244-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 8, 2006


______________________________



SIERRA CRAWFORD JONES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 4181; HON. STEVEN EMMERT, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Appellant, Sierra Crawford Jones, appeals from her conviction of aggravated assault
with a deadly weapon by threat. Her issues include: 1) the trial court erred in admitting her
oral statement to a law enforcement officer in violation of art. 38.22 of the Code of Criminal
Procedure and that error was harmful, and 2) the evidence is factually insufficient to show
that the knife used was a deadly weapon. We affirm the judgment.

 

 Background 

 The evidence reveals that appellant and the victim Gracie Payne argued with each
other during a pep rally in Shamrock during which argument appellant pulled a knife and
threatened Payne with it. The evidence is contradictory as to which of the two persons
commenced the argument and whether appellant placed the open knife against the throat
of Payne, merely pointed it at Payne, or merely pulled the unopened knife out of her
pocket.

 Issues One and Two 

 In her first and second issues, appellant complains of the trial court's admission into
evidence of testimony from Police Chief Joe Daniels about an oral statement made to him
by appellant. During appellant's testimony, she stated that she did not open the knife and
that she did not lift it up to Payne's face or direct it toward her in any way because she was
physically unable to do so due to a rotator cuff injury. On rebuttal, the State then sought
to have Daniels testify to appellant having told him during her statement at the police
station that the knife was open and that she was also physically able to demonstrate
without difficulty how she had held it out in front of her. Although the complete statement
made by appellant to police was videotaped, the videotape was not offered into evidence
and was apparently inaudible.

 On appeal, appellant argues that the procedure for admission of the videotape did
not meet the requirements of art. 38.22 of the Code of Criminal Procedure in that the State
failed to show that the recording was accurate and failed to identify the voices on the
videotape. Article 38.22 §3 provides that no oral statement of an accused made as a result
of custodial interrogation is admissible against the accused in a criminal proceeding unless
an electronic recording is made of the statement and, among other things, the recording
is accurate and all voices on the recording are identified. Tex. Code Crim. Proc. Ann. art.
38.22 §3 (Vernon 2005). At trial, appellant objected because it (the videotape) "has not
been admitted, it's not been shown to the jury, it's inaudible and therefore is not admissible
and he should not be questioned about it." The State argues that this was not an objection
based on art. 38.22 and therefore the issue is waived. Even if it could be described as an
objection under some portion of art. 38.22, the objection made at trial was not that the
recording was inaccurate or that the voices were not identified. The objection was that the
recording was inaudible. Because the objection on appeal does not comport with that at
trial, the complaint is waived. Washington v. State, 152 S.W.3d 209, 213 (Tex.
App.-Amarillo 2004, no pet.).

 Moreover, assuming that the issue was not waived, art. 38.22 only applies to
statements made during custodial interrogation. The evidence shows that, although
appellant was asked to come to the police station, she did so without police escort later the
same day of the incident. She was also allowed to leave the police station after her
statement and was not arrested until eleven days later. This evidence, without more,
would have allowed the trial court to find that appellant was not in custody. See May v.
State, 139 S.W.3d 93, 100 (Tex. App.-Texarkana 2004, pet. ref'd) (holding that the trial
court could have determined the defendant was not in custody when he voluntarily went
to the police station, was not physically restrained, and was allowed to leave after the
interview). Thus, the trial court did not abuse its discretion in permitting the police chief to
testify about appellant's statement. We overrule her first two issues. 

 

 Issue Three 

 In her third issue, appellant contends the evidence is factually insufficient to show
that the knife was a deadly weapon. (1) The standard for factual sufficiency is well settled. 
We cite the parties to Watson v. State, No. PD-469-05, 2006 Tex. Crim. App. Lexis 2040
(Tex. Crim. App. October 18, 2006) for a discussion of it. 

 Next, an assault becomes aggravated if the person used or exhibited a deadly
weapon during its commission. Tex. Pen. Code Ann. §22.02(a)(2) (Vernon Supp. 2006). 
When an indictment alleges that appellant "use[d] or exhibit[ed] a deadly weapon, to wit: 
[a] knife," the evidence must establish that the knife used was actually deadly. Lockett v.
State, 874 S.W.2d 810, 814 (Tex. App.-Dallas 1994, pet. ref'd). Next, the Penal Code
defines a "deadly weapon" as "anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its
use or intended use is capable of causing death or serious bodily injury . . . ." Tex. Pen.
Code Ann. §1.07(a)(17) (Vernon Supp. 2006). Although a knife is not a deadly weapon per
se, Thomas v. State, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991), it may be shown to be
so via evidence of its size, shape, sharpness, manner of use or intended use, and its
capacity to produce death or serious injury. Billey v. State, 895 S.W.2d 417, 420 (Tex.
App.-Amarillo 1995, pet. ref'd). Additionally, evidence of the use of expressed or implied
threats, the distance between the accused and the victim, and the victim's description of
the knife are also indicia susceptible to consideration, id., as is evidence of wounds caused
by the weapon. Davidson v. State, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980). Finally,
while expert testimony regarding the deadly nature of a knife need not be produced to
secure a conviction, it can nonetheless be useful. Davidson v. State, 602 S.W.2d at 273;
Lockett v. State, 874 S.W.2d at 814. The knife used was admitted into evidence at trial. 
It was also described as being a lock blade knife with a two to three-inch blade that could
be operated with one hand. Payne and two other witnesses testified the knife was placed
against the victim's throat. Payne also testified that as the knife was pulled out, appellant
stated, "I'm not scared of you," Payne called for help when she saw the knife, that it was
"scary," and that her granddaughter was screaming, "Don't kill my grandma." While the
evidence as to whether the knife was placed against the victim's throat was conflicting, if
the jury chose to believe that it had been so placed, it is evidence of placement next to a
body region particularly susceptible to serious damage to the blood and oxygen supply. 
That placement, along with the words spoken, constitutes an implied threat of serious
harm. While no witness testified that the knife was deadly, the evidence presented would
allow a rational jury to conclude that the knife was capable of causing death or serious
bodily injury in the manner of its use or intended use, and such a finding tested against the
entire record is neither manifestly unjust or contrary to the overwhelming weight of the
evidence. Thus, the evidence is factually sufficient to show that appellant used or
exhibited a deadly weapon during the assault. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Chief Justice

Do not publish.
1. At the end of her argument on this issue, appellant concludes that the evidence is "legally insufficient"
although she phrases her issue as one of factual insufficiency. To the extent that she is contesting the legal
sufficiency of the evidence, our resolution of the factual sufficiency also resolves any legal sufficiency claim. 




" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0061-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

SEPTEMBER 2, 2010

 

______________________________

 

 

DALE BRAMLETT, INDIVIDUALLY AND AS INDEPENDENT 

ADMINISTRATOR OF THE ESTATE OF VICKI BRAMLETT,
DECEASED; 

SHANE FULLER AND MICHAEL FULLER, APPELLANTS

 

V.

 

BENNY P. PHILLIPS, M.D., APPELLEE

 

_________________________________

 

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2003-522,183; HONORABLE WILLIAM C. SOWDER, JUDGE

 

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

OPINION ON MOTION FOR REHEARING

At issue here is the authority of an intermediate appellate
court to review the judgment entered by a trial court after the Texas Supreme
Court has remanded the case to the trial court for the entry of a judgment
"consistent" with the opinion of the Supreme Court.  Appellee, Benny P. Phillips, M.D., takes the
position that the Supreme Court's jurisdiction is exclusive, whereas Appellants, Dale Bramlett,
Individually and as Independent Administrator of the Estate of Vicki Bramlett, Deceased; Shane Fuller and Michael Fuller, take the position that this Court has statutory
jurisdiction.  Believing this case to be one involving,
in part, review of legal and factual determinations made by the trial court within
the parameters of the mandate issued by the Supreme Court, we find that
intermediate appellate review of those previously unresolved issues would be
appropriate to the effective administration of justice.  Accordingly, we reaffirm our denial of
Appellee's motion to dismiss and we deny Appellee's motion for rehearing.    

Background

This is an appeal following the entry of a judgment in favor
of Appellants in their medical malpractice cause of action against Appellee,
following remand from the Texas Supreme Court. 
In the original appeal to this Court, the trial court's judgment was
reversed, in part, and a take-nothing judgment was rendered in favor of
Appellee on the issue of gross negligence and punitive damages; a remittitur was
suggested on the issue of Shane and Michael's future pecuniary losses; and, in
all other respects, the judgment of the trial court was affirmed.  See Phillips
v. Bramlett, 258 S.W.3d 158 (Tex.App.--Amarillo 2007)
rev'd, 288 S.W.3d 876, 882 (Tex. 2009). Petition for review was granted by the
Texas Supreme Court to consider the interrelationship between two provisions of
the Medical Liability and Insurance Improvement Act of 1977, now repealed.  See Tex. Rev. Civ. Stat. Ann. art. 4590i.[1]  The first provision, Section 11.02(a), capped
the liability of a physician at a fixed amount, adjusted for inflation; whereas
the second provision, Section 11.02(c), created an exception to this cap when
the physician's insurer negligently fails to settle within the meaning of the Stowers Doctrine, that is, when the
physician's insurer negligently fails to settle a claim within the limits of
the physician's liability policy.  See generally, G.A. Stowers
Furniture Co. v. Am. Indem. Co., 15 S.W.2d 544, 547 (Tex. Commn
App. 1929, holding approved). 
Ultimately, the Supreme Court determined that both provisions could be
given effect by conforming the judgment against the
physician to Section 11.02(a)'s cap and reserving for another case any suit
against the insurer under Section 11.02(c)'s Stowers exception.  Phillips
v. Bramlett, 288 S.W.3d 876, 882 (Tex. 2009).  Accordingly, on March 6, 2009, the Supreme
Court reversed the judgment of this Court and remanded the cause to the trial court
for it to apply the cap and render judgment consistent with the opinion of the
Supreme Court.  Id. at 883.  

Although the Supreme Court's opinion "reversed" the
judgment of this Court, it did not address issues previously determined by this
Court pertaining to the remittitur suggested on the issue of Shane and
Michael's future pecuniary losses or the recovery of punitive damages.  All motions for rehearing were denied and the
Texas Supreme Court issued its mandate on September 29, 2009.  

After the Supreme Court issued its opinion, Appellants
amended their petition to include claims against Appellee's insurance carrier,
The Medical Protective Company of Fort Wayne, Indiana, Medical Protective
Insurance Services, Inc., d/b/a The Medical Protective Company of Fort Wayne,
Indiana (hereinafter "Med Pro"), and two adjusters, Dan Walston and Paul Rinaldi.  Because Med Pro had filed a motion for
rehearing before the Supreme Court,[2]
Appellants contended that Med Pro was a party to the proceeding and they filed
a motion requesting the trial court to compel Med Pro to appear and answer
Appellants' allegations.  

Both parties moved for judgment and a hearing on pending
motions was heard on November 19, 2009.  On
December 1, 2009, the trial court signed a new judgment, the judgment the
subject of this appeal.  In rendering
that judgment, the trial court omitted findings contained in the original
judgment relevant to Appellants' amended pleadings and it implicitly denied
Appellants' attempt to add additional parties. 
Furthermore, according to Appellant's allegations, in rendering judgment
the trial court disregarded a post-original judgment Rule 11 agreement between
the parties pertaining to the effective date for the computation of
post-judgment interest. Additionally, the trial court made legal and factual
decisions pertaining to the applicable date for computation of the statutory
cap, as well as the applicable consumer price index to be applied in
calculating the cap.   Appellants' motion
to modify, correct, or reform that judgment was subsequently overruled by
operation of law.

Before filing this appeal, Appellants sought relief from the
Supreme Court through a petition for writ of mandamus.  The requested relief was denied without
written opinion and this appeal followed. 


Originally this Court denied Appellee's motion to dismiss for
want of jurisdiction without written opinion. 
Upon consideration of Appellee's motion for rehearing, we requested
Appellants to respond.  Thereafter,
Appellants did file a response and Appellee filed a reply to that response.

Appellate Jurisdiction

            If a judgment is
reversed and the case is remanded to the trial court to have "some special
judgment rendered by the court below," the appellate court retains
jurisdiction until that particular judgment is entered and the mandate of the
appellate court obeyed.  Wells v. Littlefield, 62 Tex. 28, 30-31
(1884).  This jurisdiction is not,
however, exclusive.  On remand, the filing
of the appellate court's mandate with the trial court clerk vests the trial
court with limited jurisdiction, as defined by the parameters of the mandate,
to decide those issues specified in the appellate court's mandate.  V-F
Petroleum, Inc. v. A. K. Guthrie Operating Co., 792 S.W.2d 508, 510
(Tex.App.--Austin 1990, no writ); Texacally Joint
Venture v. King, 719 S.W.2d 652, 653 (Tex.App.--Austin 1986, writ ref'd
n.r.e.). 

            Thus, to the extent that
the mandate vests the trial court with jurisdiction, albeit limited, to
determine legal and factual issues, the parties retain their right to appeal those
determinations through the usual and customary process of appeal. Tex. Gov't Code §
22.220(a) (Vernon Supp. 2009).  

            If a trial court exceeds
the limited jurisdiction granted by the mandate, the jurisdiction of the appellate
court continues for the purpose of enforcing its order by the issuance of
either a writ of prohibition or a writ of mandamus. See Wells, 62 Tex. at 31; Dallas/Fort
Worth Int'l Airport Bd. v. City of Irving, 868 S.W.2d 750, 751 (Tex. 1993);
Curtis v. Nobles, 588 S.W.2d 687, 690
(Tex.App.--Amarillo 1979, orig. proceeding). This right of review by writ of
prohibition or writ of mandamus does not, however, deprive an intermediate
appellate court of jurisdiction to review the decisions of the trial court
which were made within the trial court's limited jurisdiction.  See
Wall v. East Tex. Teachers Credit Union, 549 S.W.2d 232
(Tex.App.--Texarkana 1977, writ ref'd) (appeal from
judgment of the district court on remand from the Texas Supreme Court); Peurifoy v. Wiebusch,
174 S.W.2d 619, 621-22 (Tex.Civ.App.--El Paso 1943, no writ) (appeal from the
judgment of the district court on remand from the Texas Supreme Court).

            Therefore, where the
Supreme Court reverses an earlier judgment and remands the case to the trial
court for the rendition of a judgment "consistent" with the judgment
of the Supreme Court, an intermediate appellate court has jurisdiction to
review the decisions of the trial court which were made within the trial
court's limited jurisdiction.

            Appellee contends the
Texas Supreme Court has exclusive jurisdiction to review the new judgment
entered by the trial court on remand. 
Appellants contend the trial court erred in its legal determination of the
rate and commencement date for post-judgment interest, as well as matters
collateral to the Supreme Court's resolution of the Stowers issue.  Because we believe Appellee has incorrectly
construed the law pertaining to the exclusivity of the Supreme Court's
jurisdiction, we reaffirm our denial of his motion to dismiss. 

Conclusion

Because the trial court had jurisdiction to enter judgment in
this case, we have jurisdiction to review the decisions of the trial
court.  Appellee=s motion for rehearing is denied.

                                                                                    Per
Curiam

 

 

 











[1]Act of June 16, 1977, 65th Leg., R.S., ch.
817, § 11.02, 1977
Tex. Gen. Laws 2039, 2052 (formerly Tex. Rev. Civ. Stat. Ann. art. 4590i).   Article
4590i was repealed by Act of June 2003, 78th Leg., R.S., ch.
204, § 10.09, 2003
Tex. Gen. Laws 847, 884.

 





[2]The
Supreme Court ultimately treated the filing as an amicus brief.