**Opinion filed November 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00224-CV

_____

## JAMIE CROSS, Appellant

## V.

## MARTHA AND JAMES EUGENE LITTLEFIELD, Appellees

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C45718**

## M E M O R A N D U M   O P I N I O N

Jamie Cross, acting pro se, sued Martha and James Eugene Littlefield for negligence after Cross twisted her ankle and fell on a step at the Littlefields' lake house. The Littlefields moved for summary judgment on both traditional and no-evidence grounds. The trial court granted the Littlefields' motion but did not

specify the grounds for doing so.  On appeal, Cross asserts that the trial court erred when it granted summary judgment in the Littlefields' favor.  We affirm.

## I. *Background Facts*

Cross accompanied James Edward Littlefield to his parents' lake house at Possum Kingdom Lake.  The next day, Cross twisted her ankle and fell as she descended the porch's single step.  Cross asserted that the step was defective and unreasonably dangerous because the landing area of the step had a slope greater than eight percent, which she claimed did not comply with certain residential construction code standards.  Cross also claimed that she could not see the defective condition of the step and that the Littlefields knew about the dangerous condition but did not warn her about it.  Cross sustained injuries after she stepped off the one step and fell to the ground.  She asserted that Martha and James Eugene Littlefield, as owners of the house, were responsible for her injuries.

Cross filed a pro se "complaint" on the day before limitations ran and had both Martha and James Eugene Littlefield served.  Both timely answered with a general denial and special exceptions, which they later amended.  Cross subsequently filed an "amended plea."  The Littlefields moved for summary judgment and attached an affidavit.  Cross filed a response but did not attach any competent summary judgment evidence to her response.  However, she did attach some documents and a verification.  The trial court held a hearing on the summary judgment motion and subsequently granted the Littlefields' motion and dismissed Cross's cause of action against them.  Cross filed a motion for new trial, which was overruled by operation of law.

## II. *Standard of Review*

We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  The movant for traditional summary judgment

must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

When summary judgment is granted on traditional grounds, we take the evidence adduced in favor of the nonmovant as true and draw every reasonable inference and resolve all doubts in the nonmovant's favor. *Id.* (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex. 1987)). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979); *see also Plunkett v. Conn. Gen. Life Ins. Co.*, No. 11-13-00129-CV, 2015 WL 3484985, at *4 (Tex. App.—Eastland May 29, 2015, pet. denied) (mem. op.). When the trial court's judgment does not specify the grounds upon which it relied for its ruling, the judgment must be affirmed if any of the theories advanced are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Barker v. Roelke*, 105 S.W.3d 75, 82 (Tex. App.—Eastland 2003, pet. denied).

The party that files a no-evidence motion for summary judgment alleges that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i). A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d

572, 581–82 (Tex. 2006) (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Id.*

### III. *Analysis*

Cross claimed that the Littlefields had a duty to warn her about the slope of the step at the lake house or to make that allegedly dangerous condition safe and that, because they did not do either one, they were negligent and liable for her injuries. The Littlefields moved for summary judgment on traditional and no-evidence grounds but did not specify which elements of negligence they claimed had no evidence. Consequently, Cross could not determine the specific elements that she was required to present evidence on to raise a material fact question, and the burden did not shift to her to raise a genuine issue of material fact on the challenged elements. *Cf. Mack Trucks*, 206 S.W.3d at 581–82; *see* TEX. R. CIV. P. 166a(i). Therefore, we will only address the Littlefields' traditional motion for summary judgment.

#### A. *Negligence Cause of Action*

Cross asserts a premises liability, negligence cause of action. "The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of that duty." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The extent of the duty owed by an occupier of land depends on the legal status of the visitor. *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996); *Olivier v. Snowden*, 426 S.W.2d 545 (Tex. 1968). The Littlefields moved for summary judgment because they asserted that, as a matter of law, they owed no duty to Cross and that she had no claim against

them for negligence.  As we explain below, we agree that the Littlefields owed no duty to Cross because she perceived the condition of the step.

### B. Cross was a guest of the Littlefields and, as a matter of law, was a licensee.

The Littlefields asserted that Cross was a licensee; James Edward Littlefield attested in his summary judgment affidavit that Cross was his guest at the lake house.  "A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent." *Dominguez v. Garcia*, 746 S.W.2d 865, 866 (Tex. App.—San Antonio 1988, writ denied) (quoting RESTATEMENT (SECOND) OF TORTS § 330 (1965)).  Thus, a licensee is one who enters with permission of the landowner, but does so for his own convenience or on business for someone other than the landowner.  *Smith v. Andrews*, 832 S.W.2d 395, 397 (Tex. App.—Fort Worth 1992, writ denied).

In response to the Littlefields' licensee argument, Cross filed a response to their motion, which included the statement, "True, I was a guest of their son [James]."  We note that responses are not evidence.  *Nicholson v. Mem'l Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).  We also note that a response is not a pleading and that a pleading is not evidence.  *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Clear Creek Basin Auth.*, 589 S.W.2d at 678; *see also* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas: State and Federal Practice*, 52 Hous. L. Rev. 773, 821 n.341 (2015) ("[W]e refuse to regard pleadings, even if sworn, as summary judgment evidence." (alteration in original) (quoting *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971))).  But certain statements in pleadings can be admissions.  "Assertions of fact, not [pled] in the alternative, in the live pleadings of a party are regarded as formal

judicial admissions." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (quoting *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983)). A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact. *Id.* (citing *Gevinson v. Manhattan Constr. Co. of Okla.*, 449 S.W.2d 458, 467 (Tex. 1969)). Although Cross's statement in her response was not in a pleading, her statement, "True, I was a guest of their son [James]," is a judicial admission. *See id.* (statements in summary judgment response were judicial admissions).

But even if we are incorrect, Cross was nonetheless a licensee, as a matter of law. The definition of a licensee, as a matter of law, is outlined in *Mendez v. Knights of Columbus Hall*, 431 S.W.2d 29, 31 (Tex. Civ. App.—San Antonio 1968, no writ). The court in *Mendez* held that a woman who had entered a dance hall, walked toward the dance floor, twisted her ankle, and fallen on "a step down" that led to the dance floor was a licensee because she was the guest of her husband, a band musician who performed at the hall. 431 S.W.2d at 31. The woman had never been to the dance hall before, and she was not aware of the step down. *Id.* But she could see, as all could, that the dance floor was obviously lower than the area where she had been seated. *Id.* The *Mendez* court held, in a summary judgment proceeding, that as a matter of law she was a licensee. *Id.* at 32. Even if Cross's statement is not a judicial admission, the undisputed facts unequivocally demonstrate that she was a guest and a licensee.

*C. Duty Owed to Cross as a Licensee*

Cross, as a licensee, takes the premises as she finds them, and the Littlefields owe no duty to maintain the premises in a reasonably safe condition. *See Silva v. Spohn Health Sys. Corp.*, 951 S.W.2d 91, 96 n.4 (Tex. App.—Corpus Christi), *writ denied*, 960 S.W.2d 654 (Tex. 1997); *Weekes v. Kelley*, 433 S.W.2d 769, 773 (Tex.

Civ. App.—Eastland 1968, writ ref'd n.r.e.). Instead, the duty that an owner owes to a licensee is to not injure him by "willful, wanton or grossly negligent conduct, and . . . [to] use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992); *see Weekes*, 433 S.W.2d at 772–73.

> D. The Littlefields owed no duty to Cross, as a matter of law, because
> one can infer from her admissions that she perceived the condition
> of the step.

The existence of a legal duty is a question of law. *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009). "Duty is the threshold inquiry; a plaintiff must prove the existence and violation of a duty owed him by the defendant to establish liability in tort." *Silva*, 951 S.W.2d at 94 (citing *El Chico Corp.*, 732 S.W.2d at 311). In other words, a licensor owes no duty to a licensee as long as the evidence conclusively establishes that the licensee perceived the allegedly dangerous condition. *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003). Cross asserts that she did not perceive the dangerous condition of the step, while the Littlefields assert that she did perceive the step's condition.

In her "complaint" and her response to the motion, Cross alleged that the step was uneven, had an improper slope, and had no warnings, which made it unreasonably dangerous. Nevertheless, as we previously explained, her allegations in her "complaint" and her response to the motion for summary judgment that outline dangerous conditions with the step and her allegation of lack of knowledge about those conditions are not evidence. *Nicholson*, 722 S.W.2d at 749; *Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex. App.—Houston [14th Dist.] 1988, no writ). "[S]elf-serving, speculative and conclusory statements of fact or

7

law are insufficient to raise an issue of fact." *Los Cucos Mexican Café, Inc. v. Sanchez*, No. 13-05-578-CV, 2007 WL 1288820, at *2 (Tex. App.—Corpus Christi May 3, 2007, no pet.) (mem. op.) (citing *McIntyre v. Ramirez*, 109 S.W.3d 741, 749–50 (Tex. 2003); *Purcell v. Bellinger*, 940 S.W.2d 599, 602 (Tex. 1997) (finding that conclusory statements that are unsupported by facts are not proper summary judgment proof); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)).

The only items that can be considered as summary judgment evidence that the Littlefields attached to their motion were James Edward Littlefield's affidavit, a photo of the step, and another photo, but James Edward did not describe, in his affidavit, the step's condition or state that Cross perceived that condition. Cross also filed a photo of the step and the porch. The Littlefields argued in their motion and on appeal that the step's condition was perceptible and obvious to anyone who looked at it.

The Texas Supreme Court addressed the issue of knowledge of a condition in a premise liability case that involved a man who fell on some steps at a Wal-Mart store. *Miller*, 102 S.W.3d at 709. In *Miller*, Wal-Mart hired a plumbing company to complete some work at a store. *Id.* at 707. One of the employees of the plumbing company accompanied a Wal-Mart employee to the storeroom that had a stairway that led to the water lines and shut-off valve. *Id.* Miller saw other employees of Wal-Mart unloading and placing boxes on the stairs. *Id.* Miller led a coworker up the stairs and noticed that the stairs were "slippery or slick." *Id.* at 708. When Miller went back down the stairs, he let go of the handrail to walk around the boxes and fell. *Id.* He sued Wal-Mart under a premises defect theory. *Id.* Miller did not dispute that he saw the boxes before he ascended the stairs and knew that the stairs were slippery. *Id.* When he descended, he saw that the boxes

obstructed his access to the handrail. *Id.* The Texas Supreme Court noted that Miller "recognized all these factors—the very factors he alleges created a dangerous condition—before he fell on the stairs." *Id.* at 710. The evidence, therefore, established that, "prior to his fall, Miller perceived and thus had actual knowledge of the dangerous condition." *Id.* Accordingly, Wal-Mart did not have a duty to warn or make the premises safe. *Id.*; *see also Osadchy v. S. Methodist Univ.*, 232 S.W.3d 844, 853 (Tex. App.—Dallas 2007, pet. denied) (no duty where musician testified that he had seen conditions of stairs and used them before he tripped and fell; plaintiff had same knowledge as defendant).

Cross stated in her response that the "[step] is easily visible[] **when approaching during the day time** [sic]." Cross also stated in her response, "**Yes, when [one] applies the 'open & obvious' [standard,] one does not have to look long to see that the step is dangerous.**" Cross further stated in her response that "A CHILD OF KINDERGAR[T]EN AGE WOULD KNOW THAT THE STEP WAS DANGEROUS[] IF THE [CHILD] ARRIVED DURING THE DAY." As we did with her statement about being a guest, we hold that Cross's statements about the step's visibility and perceptibility are judicial admissions. *See Holy Cross Church of God in Christ*, 44 S.W.3d at 568. Cross argued that, because she did not go up the step in the daylight, she could not have perceived its condition, but Cross also stated that she stepped outside the lake house in the morning and briefly spoke to James Edward Littlefield *before* she stepped off the single porch step and fell to the ground. In that time that she spoke to him, when she stood on the porch near the step, she said that she "looked down," so one can infer that a reasonable person, having looked down at the step, would have perceived the step's condition. She said that "one does not have to look long to see that the step is dangerous," and she did not limit that statement to the daytime. And similar to

9

the *Miller* case, Cross had gone up the step the night before, and the next day, she stopped on the porch and looked down before she stepped off the step; therefore, as a matter of law, Cross perceived the step's condition.  As a result, the Littlefields owed no duty to her.  *See Miller*, 102 S.W.3d at 709; *Osadchy*, 232 S.W.3d at 853.  The trial court did not err when it granted summary judgment in favor of the Littlefields.  We overrule Cross's sole issue on appeal.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


November 30, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.